UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE STEVEN JARRETT,

               Petitioner,

v.

UNITED STATES OF AMERICA,

               Respondent.
_____/

CIVIL NO. 06-12342
CRIMINAL NO. 04-90027
District Judge Marianne O. Battani
Magistrate Judge Virginia M. Morgan

## REPORT AND RECOMMENDATION

### I. Introduction

On March 17, 2005, petitioner pleaded guilty to one count of possession of, with intent to distribute, 500 grams or more of cocaine, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii). He was subsequently sentenced to a term of imprisonment of 120 months. The matter comes before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the court recommends that petitioner's motion be **DENIED**.

### II. Background

The indictment to which petitioner later pleaded guilty was returned on August 11, 2004. On September 28, 2004, petitioner was found guilty of certain state parole violations and was remanded to custody by the state court. The following day, he made an initial appearance on the indictment by writ. He was formally arraigned on the indictment on September 30, 2004, and an order of detention pending trial was entered. On that same date, petitioner executed a waiver of

1

his right under the Interstate Agreement on Detainers Act to remain in federal custody pending trial. According to the Government, petitioner was then returned to state custody. The Government further asserts that petitioner was returned to federal custody sometime between November 16, 2004, when a writ of habeas corpus *ad prosequendum* was issued for his appearance, and January 19, 2005, when a pretrial conference was held before the district judge. Petitioner remained in federal custody until his sentencing. As noted above, petitioner was sentenced to 120 months' imprisonment, to be served concurrently with his state court sentence.

Petitioner now seeks relief from his sentence pursuant to § 2255. Though it is not altogether clear from petitioner's motion on what grounds he seeks such relief, he appears to claim that he was improperly denied credit for the time he served from the date of his detention to the date of his sentencing, which occurred on August 23, 2004.

### III.  Discussion

Section § 2255 provides, in part, the following:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To prevail on a § 2255 motion alleging a claim of constitutional error, the petitioner must demonstrate that an error of such magnitude occurred and that the error had a "substantial and injurious effect or influence on the proceedings." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999). To prevail on a § 2255 motion alleging a claim of non-constitutional error, the petitioner must establish that the error constitutes a "'fundamental defect which inherently

results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990)(quoting Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1968)).

Petitioner did not appeal his conviction or sentence. In order to obtain review in a § 2255 proceeding of an issue not raised on direct review, a petitioner must demonstrate cause for his failure to raise the issue on appeal and prejudice arising therefrom. See United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993). Petitioner alleges that he "expressed concern to trial counsel, regarding the full application of the prior credit and the concurrent sentences, yet counsel failed to perfect any appeal, as he deemed it unnecessary." The court will construe this allegation as a claim that counsel was ineffective for failing to file notice of appeal.

Ineffective assistance of counsel constitutes cause for a procedural default. Ratliff, 999 F.2d at 1026. In the context of a failure by counsel to file a notice of appeal, the question of whether such failure constitutes ineffective assistance of counsel is governed by the rule set forth in Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). There the Supreme Court stated that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." In such a case, the "defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." Id., 528 U.S. at 477(quoting Peguero v. United States, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999)). Further, the Court noted that where the defendant specifically instructed his attorney not to file an appeal, the defendant could not later raise a claim of ineffective assistance of counsel predicated on the attorney's failure to file a notice of appeal. Roe, 528 U.S.

at 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 . The Court then determined that where the defendant did not clearly indicate his wishes, the question of whether counsel was ineffective for failing to file a notice of appeal was to be decided under the ineffective assistance standard of Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires a defendant to show (1) that counsel's representation "fell below and objective standard of reasonableness" and (2) that he suffered prejudice as a result of counsel's deficient performance.

In determining, under the Strickland standard, whether counsel was ineffective for failing to file a notice of appeal where no explicit instructions were given by the defendant, the initial inquiry centers on whether counsel "consulted" with the defendant regarding an appeal. Roe, 528 U.S. at 478, 120 S.Ct. 1029, 145 L.Ed.2d 985.[1] "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id., 528 U.S. at 478, 120 S.Ct. 1029, 145 L.Ed.2d 985. If counsel did not consult with the defendant, the question then becomes whether counsel's failure to do so constitutes deficient performance. With respect to that question, the Court held the following:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal where there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for an appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

---

[1] The Supreme Court determined that the term "consult" meant "advising the defendant about the advantages and disadvantages of an appeal, and making a reasonable effort to discover the defendant's wishes." Roe, 528 U.S. at 478, 120 S.Ct. 1029, 145 L.Ed.2d 985.

4

Roe, 528 U.S. at 480, 120 S.Ct. 1029, 145 L.Ed.2d 985.[2]  Further, the court concluded that where counsel had a duty to consult, but failed to do so, the defendant, in order to prevail on a claim of ineffective assistance of counsel, was required to "demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484.

Petitioner alleges in his motion that he "expressed concern to trial counsel, regarding the full application of the prior credit and the concurrent sentences, yet counsel failed to perfect any appeal, as he deemed it unnecessary."  Petitioner's motion is otherwise devoid of allegations regarding his discussions with counsel.  Petitioner does not allege that he instructed counsel to file a notice of appeal upon the entry of his sentence, and there is no evidence in the record to suggest that petitioner gave such an instruction.  Further, plaintiff's allegation suggests that counsel consulted with petitioner regarding the filing of an appeal.  In any event, nowhere does petitioner allege that counsel *did not* consult with him.  Moreover, petitioner does not claim that he directed counsel to file an appeal after such consultation.  In the absence of any evidence, or even any allegations, that counsel disregarded an explicit instruction by petitioner to file a notice of appeal, or that counsel failed to consult with petitioner regarding an appeal, the court concludes that petitioner has failed to carry his burden of demonstrating that counsel provided constitutionally ineffective representation by failing to file a notice of appeal.  Accordingly, petitioner cannot demonstrate cause for his procedural default.  Review of the claims raised in his § 2255 motion is therefore barred.

---

[2] In so holding, the Court expressly declined to adopt a bright-line rule requiring attorneys to consult with their clients in all cases. Roe, 528 U.S. at 480.

## IV.  Conclusion

For the reasons stated above, the court recommends that petitioner's § 2255 motion be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                               S/Virginia M. Morgan
                                               VIRGINIA M. MORGAN
Dated:  July 27, 2006                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on July 27, 2006.

                                                s/Kendra Byrd
                                                Case Manager to
                                                Magistrate Judge Virginia M. Morgan