UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE STEVEN JARRETT,

        Petitioner,

v.

        CRIMINAL CASE NO. 04-90027
        CIVIL CASE NO. 06-12342
        HON. MARIANNE O. BATTANI

UNITED STATES OF AMERICA,

        Respondent.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DENYING PETITIONER'S
§ 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**I.    INTRODUCTION**

Before the Court is Petitioner's Objections to Magistrate Judge Virginia M. Morgan's Report and Recommendation (Doc. #30).  Petitioner Kyle Jarrett brought this action under 42 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

On August 11, 2004, Jarrett was indicted on a single count of possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii). The indictment stems from an August 6, 2004, search of Jarrett's residence by members of the Oakland County Sheriff's Department and Detroit Police Department.  The officers found a large plastic bag that contained over six hundred grams of cocaine.  While at the residence, Jarrett admitted the cocaine was his, and was taken into custody.  At the time of this offense, Jarrett was on parole from an earlier state of Michigan conviction for delivery of cocaine.  Jarrett failed to abide by the terms of his parole, and as a result, a warrant for his arrest was issued on June 8, 1999.

On September 28, 2004, Jarrett was found guilty of the parole violations and was remanded to custody. His earliest release date was June 15, 2005. On the following day, Jarrett, pursuant to writ, made his first appearance in this Court. On September 30, 2004, he was formally arraigned, and signed a waiver of his right not to be returned to state custody pending completion of his federal case pursuant to MICH. COMP. LAWS ANN. § 780.601. As a result, he was returned to state custody. Jarrett was brought back into federal custody sometime between November 16, 2004, the date a writ of Habeas Corpus *ad prosequendum* was issued for his appearance, and January 19, 2005, when a pretrial conference was held before the Court.

Jarrett then remained in federal custody until his sentencing. On March 16, 2005, the government filed a notice of penalty enhancement which raised the applicable penalty to a mandatory ten year minimum to life. On March 17, 2005, Jarrett pleaded guilty as charged to the indictment without a Rule 11 plea agreement. On August 23, 2005, the Court sentenced Jarrett to ten years in prison, the sentence to run concurrently with his state parole revocation sentence, as of the date of sentencing. However, the Court recognized that it was the Bureau of Prisons' ("BOP") province to determine if credit for the time already served on the Michigan parole violation sentence, prior to his federal sentencing date, should be given in the calculation of his federal sentence. Sentencing Hr'g Tr., at 15.

On May 22, 2006, Jarrett filed the instant motion. No oral argument was heard pursuant to Local Rule 7.1(e)(1)(E.D. Mich. Sept. 8, 1998). In his petition, Jarrett asserts that the Court failed to properly credit the time he served during his initial detention to the date of his federal sentencing. Jarrett asserts that he has been in federal custody since September 30, 2004, and should receive credit for the period between that date and the date of his sentencing. He asserts

that his parole violation is related to his federal sentence and, therefore, Sentencing Guideline 5G1.3(c) entitled him to a twelve month reduction via a downward departure for the time he spent in federal custody prior to sentencing.  He also claims that his trial counsel was ineffective for failing to appeal his sentence.  Jarrett contends that his counsel should have sought a reduction in his sentence based on the time he served awaiting sentencing.

The case was referred to Magistrate Virginia M. Morgan pursuant to 28 U.S.C. § 636(b)(1)(B).  On October 5, 2004, the government filed a brief in response to Petitioner's motion.  The Magistrate Judge issued a Report and Recommendation ("R&R") on July 27, 2006, recommending that Jarrett's motion be denied because he could not establish his trial counsel was ineffective for failing to file an appeal of his sentencing.

More specifically, Magistrate Judge Morgan found that Jarrett's petition is barred because of his failure to raise the issue on direct appeal and his failure to show cause and resulting prejudice from that failure appeal.  Magistrate Judge Morgan found that Jarrett failed to establish cause for his failure to appeal because he failed to allege, let alone present evidence, that his attorney did not consult with him about an appeal, or that his attorney disregarded an explicit instruction to file an appeal.

Jarrett objects to the R&R's conclusion that his trial counsel was ineffective.  He asserts that prejudice is presumed from counsel's failure to appeal and from counsel's failure to recognize that the Court did not abide by the mandates of the United States Sentencing Guideline Manual when imposing the sentence.  He also objects to the R&R's findings that he needs to show his attorney was ineffective.  He asserts that this Court specifically directed the BOP to credit his time served, and its refusal to abide by this Court's directives is plain error.  He also

contends that the sentence imposed violates his Fifth Amendment rights, and thus, need not show why he failed to raised these issues on direct appeal.

## II.   STANDARD OF REVIEW

A federal prisoner may file a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence upon the ground that the sentence was imposed in violation of the United States Constitution. To prevail on a motion alleging constitutional error, the movant bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. Brecht v. Abrahamson, 507 U.S. 619, 653-38 (1993); Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003). To prevail on a motion alleging non-constitutional error, the movant "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." U.S. v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990)(quoting Hill v. U.S., 368 U.S. 424, 428 (1968)); Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994).

In order to obtain review in a § 2255 proceeding of an issue not raised on direct review, a petitioner must demonstrate cause for his failure to raise the issue on appeal and prejudice arising therefrom. U.S. v. Frady, 456 U.S. 152, 167-68 (1982), Ratliff v. U.S., 999 F.2d 1023, 1025 (6th Cir. 1993). Jarrett alleges that he "expressed concern to trial counsel, regarding the full application of the prior credit and the concurrent sentences, yet counsel failed to perfect any appeal, as he deemed it unnecessary." Petitioner's Motion, at 3. Ineffective assistance of counsel constitutes cause for a procedural default. Ratliff, 999 F.2d at 1026.

When seeking to vacate or set aside a sentence based on ineffective assistance of counsel, the petitioner carries a heavy burden. In the context of a failure by counsel to file a notice of

appeal, the question of whether such failure constitutes ineffective assistance of counsel is governed by the rule set forth in Roe v. Flores-Ortega, 528 U.S. 470 (2000). There the Court stated that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." In such a case, the "defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." Id., at 477 (quoting Peguero v. U.S., 526 U.S. 23, 28 (1999)). On the other hand, the Court noted that where the defendant specifically instructed his attorney not to file an appeal, the defendant could not later raise a claim of ineffective assistance of counsel predicated on the attorney's failure to file a notice of appeal. Id.

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, . . . whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. . . . . If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. . . . . If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.

Id., at 478. The question of whether counsel's performance was deficient is decided under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under the Strickland standard, the defendant must first show

> . . . that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id., at 687. The Court went on to explain that "[j]udicial scrutiny of counsel's performance must

be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id., at 689 (quoting Michel v. Louisiana, 350 U.S. 91 at 101 (1955)).

### III.    ANALYSIS

#### A.    Petitioner's Ineffective Assistance of Counsel Claim.

Jarrett contends the Court did not properly credit the time he spent in detention before his sentence was imposed. As a result, he argues that he is serving a longer sentence than what the Court actually imposed. In turn, he claims his counsel was ineffective for failing to appeal this alleged sentencing error.

Specifically, Jarrett alleges that his trial counsel was ineffective because he "expressed concern to trial counsel, regarding the full application of the prior credit and the concurrent sentences, yet counsel failed to perfect any appeal, as he deemed it unnecessary." Petitioner's Motion, at 3. Thus, according to his own allegations, this is not a situation where a lawyer disregarded a specific instruction to file a notice of appeal, or a situation where the defendant specifically instructed his attorney not to file an appeal. Rather, this is a situation analogous to that the Supreme Court faced in Roe, "where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken . . . ." Roe, 528 U.S. at 478. Therefore, in order for Jarrett to succeed in his ineffective assistance of counsel claim, he must show that his counsel failed to advise him "about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. Jarrett makes no such showing, and to the contrary, he alleges that after discussing the possibility of appeal, his attorney advised against it. Nonetheless, he contends that even though he does allege he specifically instruct his

6

attorney to file an appeal, his counsel was ineffective for filing a notice of appeal. However, "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. His arguments were specifically rejected by the Supreme Court in Roe, and he is not entitled to have his conviction or sentence vacated because he received ineffective assistance of counsel.

### B.   Petitioner's Remaining Claims.

Jarrett raises a number of other issues regarding his sentencing that the Court, for purposes of clarity, will briefly address. First, Jarrett asserts that this Court specifically directed the BOP to credit his time served, and its refusal to abide by this Court's directives is plain error. Jarrett's Sentencing Hearing transcript reveals that this claim is baseless. The Court explicitly recognized that it was the BOP's province to determine if credit should be given for the time he served for his parole violation prior to his federal sentencing date. Sentencing Hr'g Tr., at 15. Thus, the Court clearly did not direct the BOP to credit this time, and the BOP's refusal to credit the time he served before his federal sentence was imposed was not in contravention of a Court order, nor plain error.

He also asserts that his parole was revoked based on the narcotics offenses that led to his federal sentence, and thus is entitled to credit for time served under the UNITED STATES SENTENCING GUIDELINE MANUAL § 5G1.3(b) & (c). Petitioner's Reply Br. At 3. This assertion also lacks merit. Section 5G1.3(b) of the Manual provides:

> b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

> (1) The court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
> (2) The sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

Here, Jarrett's parole was revoked because he failed to abide by the terms of his parole, and as a result, a warrant for his arrest was issued on June 8, 1999. The conduct leading to his federal charges did not occur until August 2004. Therefore, the relevant conduct leading to his federal sentence had no relationship to the conduct that led to his state custody.

In addition, section 5G1.3(c) states, "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Thus, that section grants the Court discretion to impose a sentence that runs concurrently, partially concurrently, or consecutively.

Moreover, the commentary in the Manual suggests that courts, when faced with situations similar to Jarrett's, impose a sentence that runs consecutively with the state parole violation sentence.

> Undischarged Terms of Imprisonment Resulting from Revocations of Probation, Parole or Supervised Release.--Subsection (c) applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked. Consistent with the policy set forth in Application Note 4 and subsection (f) of § 7B1.3 (Revocation of Probation or Supervised Release), the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation.

Id., cmt. 3C. Accordingly, the Court finds Jarrett's claim that the Court was required by the Sentencing Guideline Manual to credit the time Jarrett served for his parole violation, or grant a

8

downward departure, to his federal sentence meritless.

Finally, he contends that the sentence imposed violates his Fifth Amendment rights because he will serve a sentence longer than what was ordered by the Court. As discussed above, the time Jarrett served awaiting his federal sentence was for a state parole violation. It had no connection to the conduct that led to his federal prosecution. Thus, he did not begin his federal sentence until his federal sentencing date on August 23, 2005, and will not serve a longer sentence than that imposed by the Court. Consequently, his Fifth Amendment rights have not been violated.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED.**

**IT IS SO ORDERED.**

             S/Marianne O. Battani
             MARIANNE O. BATTANI
             UNITED STATES DISTRICT JUDGE

DATED: November 9, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were sent to counsel of record on this date by ordinary mail and electronic filing.

             s/Bernadette M. Thebolt
             DEPUTY CLERK